IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO LOPEZ, JR., and
ARMANDO LOPEZ, SR.,

    Plaintiff,

vs.                                     No. CIV-02-277 JP/DJS

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 3, 2002, Defendants Bernalillo County Sheriff's Department, Bernalillo County Sheriff Joe Bowdich, Bernalillo County Deputy Sheriff Ross Baca and Bernalillo County ("County Defendants") filed a Motion to Dismiss Plaintiffs' Complaint due to Plaintiffs' Failure to Obey an Order to Provide and Permit Discovery. (Doc. No. 26). On September 9, 2002, Defendant Bernalillo County Detention Center ("Jail Defendant") similarly filed a Motion to Dismiss Armando Lopez, Jr.'s Complaint due to Plaintiff's Failure to Comply with an Order to Provide Discovery. (Doc. No. 28). Having reviewed the following facts regarding Plaintiffs' noncompliance with discovery, this Court will grant Defendants' motions in part.

I.     **Background**

On June 19, 2002, the County Defendants served on each Plaintiff, Armando Lopez, Jr., and Armando Lopez, Sr., by hand through Plaintiffs' counsel, a set of interrogatories and requests for production. On the same day, Jail Defendant served Plaintiffs' counsel by mail a set of interrogatories and requests for production. On June 25, 2002, counsel for County Defendants sent a letter to Plaintiffs' counsel specifically requesting that Plaintiffs Armando Lopez, Jr., and

Armando Lopez, Sr., provide Defendants a list of their health care providers for the past five years as well as medical releases and psychological releases, as required by D.N.M.LR-Civ. 26.3(d).

On July 22, 2002, after the deadline had passed for the Plaintiffs to respond to the Defendants' written discovery requests, Plaintiffs asked and were granted an extension of time through August 5, 2002, to respond to Defendants' discovery requests. This extension, however, was conditioned on the Plaintiffs immediately providing the County Defendants the Plaintiffs' medical releases and list of health care providers. On July 23, 2002, Plaintiffs provided County Defendants' counsel a medical release for Plaintiff Armando Lopez, Jr., but Plaintiffs did not provide anything else.

On August 5, 2002, Plaintiffs asked and were granted one additional day, until August 6, 2002, to respond to the County Defendants' written discovery requests and to provide the list of health care providers. Once again, Plaintiffs failed to adhere to the deadline for the discovery requests. Defendants, therefore, requested a discovery conference with the Honorable Don J. Svet.

On August 20, 2002, Judge Svet conducted a telephonic discovery conference with all counsel. In response to County Defendants' oral motion to require the Plaintiffs to provide the Defendants with the requested information and discovery, Judge Svet ordered Plaintiffs to provide the Defendants with appropriate medical releases, a list of health care providers, and responses to Defendants' discovery requests within seven days of the hearing, i.e., on or before August 27, 2002. (Doc. No. 24). Plaintiffs did not comply with Judge Svet's Order.

Subsequently, on August 29, 2002, Plaintiffs' counsel, John McCall, requested leave of this Court to withdraw as counsel of record. (Doc. No. 25). As grounds therefor, Attorney McCall stated that he had attempted to schedule numerous meetings with Plaintiffs in order to answer interrogatories and requests for production. Plaintiffs, however, did not attend any of the appointments scheduled with counsel. Attorney McCall further asserted that he had requested information necessary to fully prosecute the case, which Plaintiffs did not provide. Although Plaintiffs indicated to Attorney McCall that they would oppose his Motion to Withdraw, they did not file a response in opposition. Therefore, on September 27, 2002, this Court entered an Order granting Attorney McCall's Motion to Withdraw. Plaintiffs now are *pro se*.

On September 3, 2002, the County Defendants filed a motion to dismiss under Fed. R. Civ. P. 37(b)(2)(C), asking that Plaintiffs' complaint be dismissed and costs and attorneys' fees be awarded to Defendants. (Doc. No. 26). On September 9, 2002, the Jail Defendant filed a separate motion to dismiss based also on Fed. R. Civ. P. 37(b)(2)(C). (Doc. No. 28). The grounds for Defendants' motions to dismiss were Plaintiffs' failure to provide discovery and Plaintiffs' violation of Judge Svet's discovery order. In response to these motions to dismiss, on October 15, 2002, this Court entered an Order requiring Plaintiffs (1) to provide Defendants' counsel all discovery and (2) to file and serve responses to the Defendants' motions to dismiss by November 1, 2002. This Order gave express notice to Plaintiffs that their failure to comply with both directives would result in dismissal of their suit with prejudice.

On November 1, 2002, Plaintiffs hand-delivered to the Court copies of some of the requested discovery materials. Plaintiffs did not file a certificate of service; rather, they gave the Court copies of some of the actual discovery documents. Among these documents are Plaintiff

Armando Lopez, Jr.'s Answers to Defendant Bernalillo County's First Set of Interrogatories, an Authorization to Release Medical and Psychological Records, an Authorization for Release of Employment Records, and numerous medical documents related to Plaintiff Armando Lopez, Jr.'s claims. In addition, Plaintiffs submitted a letter dated November 1, 2002, requesting additional time to continue efforts to hire an attorney in order to pursue this case in a "correct and proper manner." Plaintiffs, however, did not submit any answers or responses from Plaintiff Armando Lopez, Sr. Moreover, Plaintiffs did not file any written responses to Defendants' motions to dismiss.

II.     **The Ehrenhaus Analysis**

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a trial court to dismiss a case if a party fails to obey an order to provide or permit discovery. Prior to imposing a sanction as severe as dismissal, however, the Court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1993). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. Analysis of these factors supports the Court's decision to deny Defendants' motions to dismiss regarding Plaintiff Armando Lopez, Jr.'s claims, but to grant Defendants' motions to dismiss regarding Plaintiff Armando Lopez, Sr.'s claims.

With respect to the first factor, the Court finds that Defendants have been severely prejudiced in the preparation of their case by Plaintiffs' failure to comply with Defendants'

discovery requests and failure to obey fully this Court's discovery order.  Plaintiffs missed numerous discovery deadlines to provide Defendants with answers to interrogatories and lists of care providers.  Plaintiffs also refused numerous times to meet with their former attorney and to give their former attorney information he requested in order to fully prosecute their case.  Additionally, Plaintiffs disregarded Judge Svet's Order to provide medical releases, lists of health care providers, and responses to the Defendants' discovery requests by August 27, 2002.  On November 1, 2002, Plaintiffs finally provided Plaintiff Armando Lopez, Jr.'s Answers to Defendant Bernalillo County's First Set of Interrogatories, an Authorization to Release Medical and Psychological Records, an Authorization for Release of Employment Records, and numerous medical documents.  However, Plaintiffs failed to provide Plaintiff Armando Lopez, Sr.'s answers or responses.

   Without this information, the Defendants are unable to adequately prepare their defense to Plaintiff Armando Lopez, Sr.'s claims.  Because the Defendants have not been able to obtain medical records from Plaintiff Armando Lopez, Sr., they are unable to test the validity of his claims.  Moreover, Defendants have not scheduled Plaintiff Armando Lopez, Sr.'s deposition because Plaintiffs have denied Defendants the opportunity to gather important information that would assist Defendants in questioning Plaintiff Armando Lopez, Sr, at a deposition.  Furthermore, because Defendants have not received Plaintiff Armando Lopez, Sr.'s answers to interrogatories and lists of health care providers, Defendants have been unable to determine whether there is a need for any experts to examine and refute Plaintiff Armando Lopez, Sr.'s claims.  As a result of Plaintiffs' disregard for Defendants' discovery requests and the Court's order, Defendants were unable to meet their September 19, 2002 deadline to identify their experts

and provide expert reports. Plaintiffs' unnecessary delay has also undoubtedly increased the attorneys' fees and costs of Defendants, as Defendants have been forced to send numerous letters and requests for discovery, to participate in a telephonic conference to try to procure discovery, and to file their motions to dismiss. Under these circumstances, Defendants have been prejudiced by Plaintiff Armando Lopez, Sr.'s noncompliance. See Ehrenhaus, 965 F.2d at 921 (finding prejudice in undue delay and mounting attorneys' fees).

As to the second factor, interference with the judicial process, by failing to comply with Judge Svet's order and the local and federal rules of civil procedure, Plaintiffs have obstructed the judicial process they invoked by filing suit. Plaintiffs, to date, have missed four deadlines for responding to the discovery requests, Plaintiffs have only partially adhered to this Court's October 15, 2002 Order, and over three months have passed since the expiration of the first discovery deadline. Due to Plaintiffs' repeated refusal to provide discovery, Defendants have already missed the deadline to identify any retained expert witnesses. In addition, extensions of time for other discovery matters and for the filing of dispositive motions may become necessary. Moreover, Plaintiffs' failure to comply with their own attorney's requests for meetings and information resulted in his withdrawal from this case, further delaying the disposition of Plaintiffs' causes of action. Plaintiffs have wasted the time and resources of their own counsel, of opposing counsel, and of the Court, thereby substantially interfering with the judicial process. While Plaintiffs finally did provide some of the discovery materials ordered by this Court, Plaintiffs have still failed to provide discovery information related to Plaintiff Armando Lopez, Sr.'s claims.

In regard to the third factor, Plaintiffs are highly culpable in their refusal to provide the requested discovery and materials. At the June 19, 2002 meeting, counsel for the County

Defendants hand-delivered to Plaintiffs a set of interrogatories and requests for production, so Plaintiffs have been on notice of the pending discovery requests for nearly five months. Moreover, until the Court's Order entered on September 27, 2002, granting Attorney McCall's Motion to Withdraw, Plaintiffs had been represented by counsel. Attorney McCall, while acting as Plaintiffs' counsel, attempted to set up numerous meetings with Plaintiffs to answer the interrogatories and requests for production, but since the June 19, 2002 meeting, Plaintiffs did not attend any of the scheduled appointments with their own attorney. Plaintiffs failed to provide basic information to their own counsel necessary to prosecute their claims. Although Plaintiffs, in response to a second order by this Court, did turn over discovery materials in regard to Plaintiff Armando Lopez, Jr.'s claims, Plaintiffs still have not provided the requested discovery information relating to Plaintiff Armando Lopez, Sr.'s claims. The repetitious nature of Plaintiffs' refusal to cooperate with their own counsel, with opposing counsel, and with the Court leads this Court to conclude that Plaintiffs have willfully failed to comply fully with the discovery requests and this Court's October 15, 2002 Order to provide all discovery, which included discovery regarding Plaintiff Armando Lopez, Sr.'s causes of action.

   Turning to the fourth <u>Ehrenhaus</u> factor, this Court, in its October 15, 2002 Order, gave Plaintiffs notice that their failure to provide all discovery would result in dismissal of their suit with prejudice. As a result, Plaintiffs provided some of the requisite discovery materials – those related to Plaintiff Armando Lopez, Jr.'s claims. Plaintiffs, however, failed to provide any information about Plaintiff Armando Lopez, Sr.'s claims. In the October 15, 2002 Order, this Court expressly notified Plaintiffs that their failure to provide all discovery ordered by Judge Svet would result in dismissal of their lawsuit with prejudice. This warning satisfies the fourth factor.

Finally, as to the fifth factor, dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice. Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988). Thus, in cases where a plaintiff fails to obey a court order through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988). In this case, Plaintiffs partially complied with this Court's October 15, 2002 Order by submitting discovery materials related to Plaintiff Armando Lopez, Jr.'s claims. For this reason, this Court determines that Plaintiff Armando Lopez, Jr.'s claims should not be dismissed for failure to provide discovery. However, Plaintiffs, to date, have failed to produce materials relevant to Plaintiff Armando Lopez, Sr.'s claims. Plaintiffs' failure to obey two orders by this Court to provide discovery information related to Plaintiff Armando Lopez, Sr.'s claims is not a case of inadvertence or simple neglect. Rather, Plaintiffs have rebuffed attempts by their own former counsel to meet with them and to procure information vital to their case, disregarded efforts by opposing counsel to obtain information relating to Plaintiff Armando Lopez, Sr., and flouted two Court orders to produce discovery materials on Plaintiff Armando Lopez, Sr.'s claims. This Court concludes that a lesser sanction, short of dismissal, would not be proper or effective in regard to Plaintiff Armando Lopez, Sr.'s causes of action. Therefore, this Court determines that Plaintiff Armando Lopez, Sr.'s claims should be dismissed with prejudice.

III. **Attorneys' Fees and Costs**

In their motion to dismiss, the County Defendants request that attorneys' fees and costs be awarded to Defendants based on Plaintiffs' failure to provide discovery. Fed. R. Civ. P. 37(b)(2) provides that the court may require a party who fails to obey a discovery order to pay the

reasonable expenses, including attorneys' fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.  As previously discussed, Plaintiffs have repeatedly disregarded efforts by opposing counsel, and even their own former counsel, to procure the requested discovery information. Moreover, Plaintiffs wholly failed to obey Judge Svet's discovery order, and Plaintiffs only partially obeyed this Court's October 15, 2002 Order.  Plaintiffs' failure to provide discovery in a timely manner resulted in Defendants having to expend considerable time and expense attempting to obtain discovery and preparing their motions to dismiss.  Because this Court finds that Plaintiffs' delays and Plaintiffs' failure to provide discovery relating to Plaintiff Armando Lopez, Sr.'s claims were not substantially justified, this Court determines that the County Defendants' request for attorneys' fees should be granted.

IV.     **Extension of Time**

In addition to the motions to dismiss, Defendants Bernalillo County and Bernalillo County Detention Center ("BCDC") filed a Motion for Summary Judgment on August 16, 2002.  This motion is based on BCDC not being a "person," under 42 U.S.C. § 1983, and on Plaintiffs being barred from bringing suit because of their failure to exhaust administrative remedies, according to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Because Plaintiffs are proceeding *pro se* and have requested an extension of time to obtain an attorney, this Court determines that Plaintiffs should be granted additional time to respond to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment.

9

IT IS THEREFORE ORDERED that:

1. County Defendants' motion to dismiss (Doc. No. 26) and Jail Defendant's motion to dismiss (Doc. No. 28) are GRANTED as to Plaintiff Armando Lopez, Sr.'s claims and DENIED as to Plaintiff Armando Lopez, Jr.'s claims;

2. County Defendants' motion for attorneys' fees and costs is GRANTED;

3. Counsel for County Defendants must file and serve an affidavit itemizing costs and attorneys' services related to their motion to dismiss by November 25, 2002;

4. Plaintiff Armando Lopez, Jr., is GRANTED an extension to November 25, 2002, to file and serve a response in opposition to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment;

5. Plaintiff Armando Lopez, Jr.'s failure to respond to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment by November 25, 2002, will be deemed consent to grant the motion. See D.N.M.LR-Civ. 7.1(b);

6. This Court will consider a short extension of deadlines for Defendants to name experts and complete discovery, should an extension become necessary.

_____
CHIEF UNITED STATES DISTRICT JUDGE