IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO LOPEZ, JR.,

    Plaintiff,

vs.                                  No. CIV-02-277 JP/DJS

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, BERNALILLO COUNTY
SHERIFF JOE BOWDICH, BERNALILLO
COUNTY DEPUTY SHERIFF ROSS BACA, OTHER
UNNAMED BERNALILLO COUNTY DEPUTY
SHERIFFS INVOLVED IN THE ARREST OF
ARMANDO LOPEZ ON FEBRUARY 9, 2000,
BERNALILLO COUNTY DETENTION CENTER,
BERNALILLO COUNTY DETENTION CENTER
EMPLOYEES INVOLVED IN THE MEDICAL
CARE AND TREATMENT OF ARMANDO LOPEZ,
JR., and BERNALILLO COUNTY,
a municipal corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 19, 2002, the Defendants served interrogatories and requests for production on Plaintiffs Armando Lopez, Sr., and Armando Lopez, Jr. Plaintiffs failed to provide discovery, even after an order was entered by Judge Svet, requiring Plaintiffs to provide discovery by August 27, 2002. As a result of Plaintiffs' failure to provide discovery and to cooperate with their own attorney, Plaintiffs' former attorney, John McCall, sought leave to withdraw as counsel on August 29, 2002. This Court granted Attorney McCall's motion to withdraw on September 27, 2002. Since then, Plaintiffs have been *pro se*.

On August 16, 2002, Defendants Bernalillo County and Bernalillo County Detention Center ("BCDC") filed a Motion for Summary Judgment (Doc. No. 22) based on BCDC not being a "person" under 42 U.S.C. § 1983 and on Plaintiffs being barred from bringing suit because of their failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Doc. No. 22). Plaintiffs did not file a response to the motion for summary judgment within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a).

On September 3, 2002, the Defendants Bernalillo County Sheriff's Department, Bernalillo County Sheriff Joe Bowdich, Bernalillo County Deputy Sheriff Ross Baca, and Bernalillo County ("County Defendants") filed a motion to dismiss under Fed. R. Civ. P. 37(b)(2)(C). On September 9, 2002, BCDC filed a separate motion to dismiss based also on Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs also failed to respond to the motions to dismiss.

On October 15, 2002, this Court entered an Order requiring Plaintiffs (1) to provide Defendants' counsel all discovery and (2) to file and serve responses to the County Defendants' and BCDC's motions to dismiss by November 1, 2002. This Order gave notice to Plaintiffs that their failure to comply with both directives would result in dismissal of their suit with prejudice. In response to this Order, on November 1, 2002, Plaintiffs hand-delivered to the Court copies of discovery materials related only to Plaintiff Armando Lopez, Jr.'s claims. However, Plaintiff Armando Lopez, Sr., did not submit any answers or responses to discovery requests, and neither Plaintiff responded to the County Defendants' and BCDC's motions to dismiss. As a result, on November 7, 2002, this Court entered an Order granting the County Defendants' and BCDC's motions to dismiss as to Plaintiff Armando Lopez, Sr.'s claims but denying the motions to dismiss

2

as to Plaintiff Armando Lopez, Jr.'s claims.  In addition, this Court granted Plaintiff Armando Lopez, Jr., an extension until November 25, 2002, to file and serve a response in opposition to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment.

On November 25, 2002, Plaintiffs submitted a letter to this Court (Doc. No. 42) requesting that the Court reconsider its Order dismissing Plaintiff Armando Lopez, Sr.'s claims and asking for additional time to respond to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment.  Subsequently, on December 9, 2002, the County Defendants filed a motion to dismiss Plaintiff Armando Lopez, Jr.'s claims for failure to prosecute under Fed. R. Civ. P. 41(b) (Doc. No. 45).  On January 30, 2003, Plaintiff Armando Lopez, Jr., filed a response to the County Defendants' motion to dismiss for failure to prosecute (Doc. No. 52).  In his response, Plaintiff Armando Lopez, Jr., generally denied the factual allegation that he has failed to take any steps towards the prosecution of his claim since the filing of his complaint.  Plaintiff Armando Lopez, Jr., also requested an extension until April 2003 to proceed with the prosecution of his claims.

After a hearing on February 5, 2003, on the pending motions, this Court entered an Order denying Plaintiff Armando Lopez, Sr.'s motion for reconsideration and stay of the proceedings; vacating the pretrial conference and trial setting; and giving Plaintiff Armando Lopez, Jr., an extension until March 10, 2003, to file and serve a response to Defendants Bernalillo County's and BCDC's motion for summary judgment and to the County Defendants' motion to dismiss for failure to prosecute.  In the Order, Plaintiff Armando Lopez, Jr., was advised that his failure to respond to the motions would be deemed consent to grant the motions under D.N.M.LR-Civ. 7.1(b), which would also be granted on the merits.  The March 10, 2003 deadline passed and

Plaintiff Armando Lopez, Jr., did not file a response to Defendants Bernalillo County's and BCDC's motion for summary judgment or an additional response to the County Defendants' motion to dismiss for failure to prosecute.

**Defendants Bernalillo County's and BCDC's Motion for Summary Judgment (Doc. No. 22)**

On August 16, 2002, Defendants Bernalillo County and BCDC filed their motion for summary judgment along with a "Memorandum in Support of Bernalillo County and Bernalillo County Detention Center's Motion for Summary Judgment" to which was attached an "Affidavit of Juan Vigil" and an "Affidavit of Michael Sisneros." The "Affidavit of Michael Sisneros" had five exhibits attached regarding BCDC's policies on inmate grievances. Plaintiff Armando Lopez, Jr., did not file a response to the motion for summary judgment within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a). Plaintiff Armando Lopez, Jr., also failed to file a response to the motion for summary judgment by the extended deadline of November 25, 2002, as ordered by this Court on November 7, 2002 (Doc. No. 37). In addition, Plaintiff Armando Lopez, Jr., did not file a response to the motion for summary judgment by the further extended deadline of March 10, 2003, in contravention of this Court's February 5, 2003 Order (Doc. No. 53).

The motion for summary judgment as to BCDC not being a "person" under 42 U.S.C. § 1983 is fully supported by the "Affidavit of Juan Vigil." The motion for summary judgment based on Plaintiff Armando Lopez, Jr.'s failure to exhaust his administrative remedies prior to the initiation of his § 1983 claims is fully supported by the "Affidavit of Michael Sisneros" and the accompanying five exhibits detailing BCDC's policies on inmate grievance procedures. The Court finds under Fed. R. Civ. P. 56(c) that the movants, Defendants Bernalillo County and

4

BCDC, have demonstrated that no genuine issue of material fact exists and that Defendants Bernalillo County and BCDC are entitled to judgment as a matter of law on Plaintiff Armando Lopez, Jr.'s § 1983 claims.

Moreover, the BCDC employees involved in the medical care and treatment of Plaintiff Armando Lopez, Jr., are also entitled to judgment as a matter of law.  According to the undisputed evidence before the Court, Plaintiff Armando Lopez, Jr., failed to exhaust his administrative remedies against both Bernalillo County and the BCDC employees involved in the medical care and treatment of Plaintiff Armando Lopez, Jr.  Furthermore, Plaintiff Armando Lopez, Jr., never identified the specific BCDC employees involved in his treatment.  Therefore, Plaintiff Armando Lopez, Jr.'s § 1983 claims against the BCDC employees involved in the medical care and treatment of Plaintiff Armando Lopez, Jr., also should be dismissed.

Additionally, Plaintiff Armando Lopez, Jr.'s failure to file a response opposing the motion for summary judgment is deemed to be consent to Defendants' undisputed facts stated in support of the motion for summary judgment and to the granting of the motion.  D.N.M.LR-Civ. 7.1(b).

Defendants Bernalillo County and BCDC also are entitled to the granting of their motion for summary judgment as an appropriate sanction under <u>Meade v. Grubbs</u>, 841 F.2d 1512 (10th Cir. 1988).  The Court makes the following findings in accordance with <u>Meade v. Grubbs</u>:

    1.    Defendants Bernalillo County and BCDC have been prejudiced by the failure of Plaintiff Armando Lopez, Jr., to respond to their motion for summary judgment because not only did they incur the expense of the initial filing of the motion and supporting brief and affidavits, but they also incurred additional expense in having to file a response to Plaintiff's request for additional time to respond.

2.  Plaintiff Armando Lopez, Jr., has interfered with the judicial process, first, by not filing a response in opposition to the motion for summary judgment within the time permitted by the rules of this Court, and second, by failing to file a response any time to date, notwithstanding the fact that this Court has twice ordered the response to be filed and has twice extended the deadline for filing a response.

3.  Plaintiff Armando Lopez, Jr., has provided no explanation for his most recent failure to respond to the motion for summary judgment, which was filed almost seven months ago.  Plaintiff's failure to comply with this Court's rules and orders has resulted in multiple extensions of deadlines and has required this Court to vacate both the pretrial conference and the trial setting.  These aggravating factors outweigh the normal predisposition to resolve claims on their merits and justify the dismissal of Plaintiff's claims against Defendants Bernalillo County and BCDC with prejudice as an appropriate sanction.

Consequently, Defendants Bernalillo County's and BCDC's motion for summary judgment should be granted on its merits, on the basis of the deemed consent of the Plaintiff, and as a sanction for Plaintiff Armando Lopez, Jr.'s failure to prosecute his claims against Defendants Bernalillo County and BCDC.  The Court interprets the motion for summary judgment to include Plaintiff Armando Lopez, Jr.'s § 1983 claims against the BCDC employees involved in the medical care and treatment of Plaintiff Armando Lopez, Jr., which form the basis of Plaintiff Armando Lopez, Jr.'s § 1983 claims against Bernalillo County and BCDC arising from Plaintiff Armando Lopez, Jr.'s medical care and treatment while at BCDC.  Thus, Plaintiff Armando Lopez, Jr.'s medical care and treatment claims will be dismissed.  However, the claims against Bernalillo County stemming from Bernalillo County's alleged supervisory authority over the

Bernalillo County Sheriff's Department and the individual Bernalillo County sheriff and deputy sheriffs are not subject to the motion for summary judgment, and thus, will not be dismissed.

**County Defendants' Motion to Dismiss for Failure to Prosecute (Doc. No. 45)**

On December 9, 2002, the County Defendants filed a motion to dismiss Plaintiff Armando Lopez, Jr.'s claims based on Plaintiff's alleged failure to take any steps toward the prosecution of his claim since the filing of his complaint. Rule 41(b) authorizes a court to dismiss an action for failure of the plaintiff to prosecute or to comply with these rules or any order of the court. Prior to imposing a sanction as severe as dismissal, however, a court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. Gripe v. City of Enid, Okl., 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1993)) (applying Ehrenhaus factors to Rule 41(b) involuntary dismissals).

After reviewing Plaintiff's January 30, 2003 response to the County Defendants' motion, this Court determines that Plaintiff's response is sufficient to satisfy this Court's February 5, 2003 Order.[1] This Court also finds that Plaintiff Armando Lopez, Jr., has not wholly failed to prosecute his claims. On November 1, 2002, Plaintiff Armando Lopez, Jr., hand-delivered to the Court copies of discovery materials related to his claims. Additionally, Plaintiff Armando Lopez,

---

[1] This Court did not review the January 30, 2003 response prior to the February 5, 2003 hearing. At the February 5, 2003 hearing, this Court ordered Plaintiff Armando Lopez, Jr., to respond to the County Defendants' motion to dismiss. Having now thoroughly considered the January 30, 2003 response, this Court finds that Plaintiff Armando Lopez, Jr., adequately responded to the County Defendants' motion to dismiss.

Jr., filed a response to the County Defendants' motion to dismiss on January 30, 2003, and appeared at the February 5, 2003 motion hearing.  Although Plaintiff has acted in a dilatory manner in failing to timely provide discovery and in failing to respond timely to pending motions, Plaintiff has taken sufficient steps towards the prosecution of his claims to avoid the severe sanction of dismissal of Plaintiff's entire suit.

      IT IS THEREFORE ORDERED that:

      1.      Defendants Bernalillo County and Bernalillo County Detention Center's Motion for Summary Judgment (Doc. No. 22) is GRANTED;

      2.      The County Defendants' Motion to Dismiss for Failure to Prosecute (Doc. No. 45) is DENIED;

      3.      The remaining parties must submit a revised scheduling order to this Court by April 1, 2003, at which time the trial will be reset; and

      4.      Plaintiff Armando Lopez, Jr., is strongly advised to adhere to all future deadlines and orders imposed by the Court.

_____
CHIEF UNITED STATES DISTRICT JUDGE