IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO LOPEZ, JR.,

    **Plaintiff,**

vs.                                                  No. CIV-02-277 JP/DJS

**BERNALILLO COUNTY SHERIFF'S DEPARTMENT, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On May 23, 2003, Defendants Bernalillo County Sheriff's Department, Bernalillo County Sheriff Joe Bowdich, Bernalillo County Deputy Sheriff Ross Baca, and Bernalillo County (the "County Defendants") filed a Motion to Dismiss Plaintiff's Complaint due to Plaintiff's Failure to Cooperate in Discovery and due to Plaintiff's Failure to Appear at Plaintiff's Scheduled Deposition (Doc. No. 63). Plaintiff has not filed a response in opposition to this motion within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a). Consequently, Plaintiff is deemed to have consented to the granting of the motion. D.N.M.LR-Civ. 7.1(b). Furthermore, and as discussed below, Plaintiff has repeatedly failed to follow the Federal Rules of Civil Procedure, the rules of this Court, and this Court's orders. In the face of numerous warnings and admonitions by the Court, and despite the Court's many instances of leniency with Plaintiff, Plaintiff continues to thwart the discovery process and waste the Court's time and resources. Having reviewed the County Defendants' motion to dismiss and the record before this Court on Plaintiff's repeated failures to comply with discovery, this Court will grant the County

Defendants' motion to dismiss on the merits but deny the County Defendants' request for attorneys' fees and costs.

I.  **Background**

Plaintiff Armando Lopez, Jr.'s repeated failures to prosecute his claims have been well-documented in this case. See Mem. Op. (Doc. No. 37); Order (Doc. No. 57). On June 19, 2002, the Defendants served interrogatories and requests for production on Plaintiff Armando Lopez, Jr., and former Plaintiff Armando Lopez, Sr. Plaintiff failed to comply with the discovery requests, despite numerous extensions and expirations of deadlines. As a result, on August 20, 2002, the Honorable Don J. Svet ordered Plaintiff to provide the Defendants with appropriate medical releases, a list of health care providers, and responses to Defendants' discovery requests on or before August 27, 2002. (Doc. No. 24). Plaintiff did not comply with Judge Svet's Order. Moreover, Plaintiff's former counsel, John McCall, requested leave of this Court, and was granted permission, to withdraw as counsel of record due to Plaintiff's failure to cooperate with his own attorney in providing discovery and in prosecuting his case. (Doc. No. 32). Since that time, Plaintiff has been proceeding *pro se*.

On August 16, 2002, Defendants Bernalillo County and Bernalillo County Detention Center ("BCDC") filed a Motion for Summary Judgment (Doc. No. 22). Plaintiff did not file a response to the motion for summary judgment within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a). On September 3, 2002, the County Defendants filed a motion to dismiss under Fed. R. Civ. P. 37(b)(2)(C), asking that Plaintiff's and former Plaintiff Armando Lopez, Sr.'s complaint be dismissed and costs and attorneys' fees be awarded to Defendants based on Plaintiff's and former Plaintiff Armando Lopez, Sr.'s failure to provide discovery and violation of

Judge Svet's discovery order. (Doc. No. 26). On September 9, 2002, BCDC filed a separate motion to dismiss based also on Fed. R. Civ. P. 37(b)(2)(C). (Doc. No. 28). In response to these motions to dismiss, on October 15, 2002, this Court entered an Order requiring Plaintiff and former Plaintiff Armando Lopez, Sr., (1) to provide Defendants' counsel all discovery and (2) to file and serve responses to the Defendants' motions to dismiss by November 1, 2002. This Order gave express notice to Plaintiff and former Plaintiff Armando Lopez, Sr., that their failure to comply with both directives would result in dismissal of their suit with prejudice. Despite the Court's warning, however, Plaintiff and former Plaintiff Armando Lopez, Sr., did not file any written responses to Defendants' motions to dismiss and only provided some of the requisite discovery materials. Consequently, on November 7, 2002, this Court entered an Order granting the County Defendants' and BCDC's motions to dismiss as to Plaintiff Armando Lopez, Sr.'s claims but denying the motions to dismiss as to Plaintiff Armando Lopez, Jr.'s claims. In addition, this Court granted Plaintiff Armando Lopez, Jr., an extension until November 25, 2002, to file and serve a response in opposition to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment.

On November 25, 2002, Plaintiff and former Plaintiff Armando Lopez, Sr., submitted a letter to this Court (Doc. No. 42) requesting that the Court reconsider its Order dismissing Plaintiff Armando Lopez, Sr.'s claims and asking for additional time to respond to Defendants Bernalillo County's and BCDC's Motion for Summary Judgment. On December 9, 2002, the County Defendants filed a motion to dismiss Plaintiff Armando Lopez, Jr.'s claims for failure to prosecute under Fed. R. Civ. P. 41(b) (Doc. No. 45). On January 30, 2003, Plaintiff Armando Lopez, Jr., filed a response to the County Defendants' motion to dismiss for failure to prosecute

3

in which he generally denied the allegation that he failed to take any steps towards the prosecution of his claim and requested an extension until April 2003 to proceed with the prosecution of his claims (Doc. No. 52).

After a hearing on February 5, 2003, on the pending motions, this Court entered an Order denying Plaintiff Armando Lopez, Sr.'s motion for reconsideration and stay of the proceedings; vacating the pretrial conference and trial setting; and giving Plaintiff Armando Lopez, Jr., an extension until March 10, 2003, to file and serve a response to Defendants Bernalillo County's and BCDC's motion for summary judgment and to the County Defendants' motion to dismiss for failure to prosecute. In the Order, Plaintiff Armando Lopez, Jr., was advised that his failure to respond to the motions would be deemed consent to grant the motions under D.N.M.LR-Civ. 7.1(b), which would also be granted on the merits. The March 10, 2003 deadline passed and Plaintiff Armando Lopez, Jr., did not file a response to Defendants Bernalillo County's and BCDC's motion for summary judgment or an additional response to the County Defendants' motion to dismiss for failure to prosecute.

On March 17, 2003, the Court granted Defendants Bernalillo County's and BCDC's motion for summary judgment but denied the County Defendants' motion to dismiss for failure to prosecute. (Doc. No. 57). Although the Court found that Plaintiff had acted in a dilatory manner in failing to timely provide discovery and in failing to respond timely to pending motions, the Court determined that Plaintiff had taken sufficient steps towards the prosecution of his claims to avoid the severe sanction of dismissal of Plaintiff's entire suit. The Court thus ordered the remaining parties to submit a revised scheduling order to the Court by April 1, 2003. The Court strongly advised Plaintiff to adhere to all future deadlines and orders imposed by the Court.

Once again, despite this Court's warnings, Plaintiff failed to participate in drafting a proposed scheduling order. This Court, therefore, entered a Scheduling Order *sua sponte*. (Doc. No. 59). Subsequently, on April 16, 2003, the County Defendants served on Plaintiff requests for admission, responses of which were due on or before May 19, 2003. To date, Plaintiff has wholly failed to respond to Defendants' requests for admission. On April 16, 2003, Defendants also sent Plaintiff a Notice to Take Deposition Duces Tecum, setting Plaintiff's deposition for May 22, 2003. Plaintiff, however, failed to attend his scheduled deposition.

On May 23, 2003, the County Defendants filed a motion to dismiss Plaintiff's complaint under FED. R. CIV. P. 37(b) and (d) based on Plaintiff's failure to cooperate in discovery and failure to appear at Plaintiff's scheduled deposition. (Doc. No. 63). Plaintiff, to date, has not filed a response in opposition to this motion.

II.  **Discussion**

FED. R. CIV. P. 37(b)(2)(C) authorizes a trial court to dismiss a case if a party fails to obey an order to provide or permit discovery. Similarly, FED. R. CIV. P. 37(d) provides that a trial court may dismiss a case if a party fails to attend his own deposition. Moreover, when a party fails to appear at his own deposition or obey an order to provide discovery, the district court is authorized to require the offending party to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the court finds that the failure was substantially justified or an award would be unjust. FED. R. CIV. P. 37(b)(2); <u>Jones v. Trawick</u>, 176 F.3d 488 \*\*1 (10th Cir. 1999) (unpublished decision).

Prior to imposing a sanction as severe as dismissal, however, the Court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of

interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1993). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. Analysis of these factors supports the Court's decision to grant the County Defendants' motion to dismiss Plaintiff's complaint.

With respect to the first factor, the Court finds that Defendants have been severely prejudiced in the preparation of their case by Plaintiff's failure to comply with Defendants' discovery requests and failure to appear at his own deposition. These failures occurred after Plaintiff had already missed numerous discovery deadlines and ignored multiple orders by this Court to provide and permit discovery. The County Defendants have been trying to obtain basic discovery information from Plaintiff for about a year now, while Plaintiff has continued to thwart these efforts. The County Defendants have incurred unnecessary costs and expenses in having to file numerous motions to dismiss and motions to compel discovery based on Plaintiff's failures to meet his discovery obligations. Despite this Court's repeated warnings to obey the discovery rules and orders of this Court, Plaintiff continues to refuse to cooperate in the discovery process. Consequently, the County Defendants have been unable to obtain important information and documents needed to evaluate their case, to determine whether experts are needed, and to prepare their defense. Under these circumstances, this Court finds that the County Defendants have been prejudiced by Plaintiff's repeated failures to cooperate in discovery and failure to appear at his deposition. See Ehrenhaus, 965 F.2d at 921 (finding prejudice in undue delay and mounting attorneys' fees).

As to the second factor, interference with the judicial process, by failing to comply with the multiple orders of this Court and with the local and federal rules of civil procedure, Plaintiff has obstructed the judicial process he invoked by filing suit.  Plaintiff has missed numerous deadlines for providing discovery, has ignored multiple orders of this Court, and has failed to attend his own deposition.  Due to Plaintiff's dilatory manner in failing to provide discovery and obey this Court's orders, this Court has had to vacate a trial setting in this case and enter an entirely new scheduling order.  Yet, despite this Court's generosity in setting a new trial date and resetting the pre-trial deadlines, Plaintiff has failed, once more, to participate in the discovery process.  Throughout this case, Plaintiff has wasted the time and resources of his own counsel, of opposing counsel, and of the Court.  By once again failing to take steps to prosecute his case, Plaintiff has substantially interfered with the judicial process.

In regard to the third factor, Plaintiff is highly culpable in his refusal to provide the requested discovery and in failing to attend his scheduled deposition.  Plaintiff has continually failed to adhere to his discovery obligations and disobeyed multiple orders of this Court.  Nevertheless, this Court granted Plaintiff numerous extensions to file motions and to provide discovery.  Plaintiff, however, has responded to this Court's incredible patience and leniency only with omissions and delays.  The repetitious nature of Plaintiff's refusal to cooperate with his own counsel, with opposing counsel, and with the Court leads this Court to conclude that Plaintiff willfully failed to comply with the County Defendants' discovery requests and willfully failed to attend his own deposition.  Therefore, the third factor weighs in favor of dismissal of Plaintiff's complaint.

Turning to the fourth Ehrenhaus factor, this Court has repeatedly warned Plaintiff in advance that dismissal was a likely sanction for Plaintiff's failure to prosecute his case.  In its October 15, 2002 Order, this Court gave Plaintiff notice that his failure to provide all discovery to the Defendants and to respond to Defendants' motions to dismiss would result in dismissal of Plaintiff's suit with prejudice.  Order (Doc. No. 34) at 3.  In the Court's February 5, 2003 Order, this Court again warned Plaintiff that his failure to respond to the Defendants' motion to dismiss and motion for summary judgment could result in dismissal of his case with prejudice.  Order (Doc. No. 53) at 4.  Additionally, in this Court's March 17, 2003 Memorandum Opinion and Order, the Court strongly advised Plaintiff to adhere to all future deadlines and orders imposed by this Court.  Mem. Op. (Doc. No. 57) at 8.  Finally, in its revised Scheduling Order of April 3, 2003, this Court stated: "In view of Plaintiff's previous repeated failures to comply with the Federal Rules of Civil Procedure, the rules of this Court, and Court orders, Plaintiff is hereby notified that his failure to comply with any provisions of this Scheduling Order may result in the dismissal of Plaintiff's remaining claims with prejudice."  Scheduling Order (Doc. No. 59) at 2.  These warnings all satisfy the fourth factor.

Finally, as to the fifth factor, dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice.  Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988).  Thus, in cases where a plaintiff fails to obey a court order through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions.  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988).  As discussed above, Plaintiff has repeatedly and willfully failed to comply with the Federal Rules of Civil Procedure, the rules of this Court, and this Court's orders.  This Court has previously used lesser sanctions against Plaintiff to no avail.

Hence, this Court determines that lesser sanctions short of dismissal will not deter Plaintiff's dilatory behavior.

Therefore, after carefully considering all the Ehrenhaus factors, this Court concludes that Plaintiff's complaint should be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1.   The County Defendants' Motion to Dismiss Plaintiff's Complaint due to Plaintiff's Failure to Cooperate in Discovery and due to Plaintiff's Failure to Appear at Plaintiff's Scheduled Deposition (Doc. No. 63) is GRANTED on its merits and on the basis of Plaintiff's consent to the granting of the motion;

2.   The County Defendants' request for attorneys' fees and costs is DENIED; and

3.   Plaintiff's complaint should be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE